# Morgan Lewis

**Michael E. Kenneally**
Partner
+1.202.739.5893
michael.kenneally@morganlewis.com

June 30, 2023

**BY CM/ECF**

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA  23219

Re:  *Opiotennione v. Bozzuto Mgmt. Co.*, No. 21-1919
     Response to Plaintiff's Notice of Supplemental Authority

Dear Ms. Connor:

I write for all Defendants-Appellees in response to Plaintiff's June 26, 2023 letter about *Vargas v. Facebook, Inc.*

The Ninth Circuit's divided, nonprecedential ruling does not support Plaintiff. The majority relied on allegations that Vargas was actively performing Facebook searches for Manhattan housing and that these "Facebook searches yielded no ads." Op. 3. Critically, Vargas and a friend outside her protected class performed simultaneous Facebook searches using "*identical* search criteria," and the friend "saw more, and more responsive, ads." *Id.* These combined allegations persuaded the majority that Facebook "*concealed*" information from Vargas based on her protected class. Op. 4.

There are no such allegations here. Plaintiff never alleges she performed *any* Facebook searches, let alone searches that would have yielded "more responsive" ads absent Defendants' alleged conduct. *See* JA14-15; Defs.' Br. 20-21. Nor does she sue Facebook, which controls the presentation of all Facebook ads and thus is responsible whenever a user sees one ad rather than

Morgan, Lewis & Bockius LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004         T +1.202.739.3000
United States                 F +1.202.739.3001

Patricia S. Connor
June 30, 2023
Page 2

another. Plaintiff pursues claims against just four of Facebook's innumerable housing advertisers. Only speculation could suggest that those four companies' targeting of Facebook ads for six supposedly relevant properties deprived Plaintiff of information—particularly when the information in these ads was readily available through basic internet searches that Plaintiff evidently never performed. Defs.' Br. 19, 22-24.

Plaintiff similarly fails the *Vargas* dissent's test. She never alleges that any Defendant's ad "would otherwise have appeared in [her] News Feed[] or in [her] search results on Facebook Marketplace," but "did not appear because the advertiser used Facebook's Ad Platform to exclude [her] protected class." Dissent 1. Again, only speculation could underlie such a claim. Defs.' Br. 22-24.

The *Vargas* majority admitted that the Ninth Circuit's "bar to allege standing is not high"—lower than normal *Twombly/Iqbal* requirements. Op. 2 (citing *Maya v. Centrex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)). This Circuit, like most others, rejects that idiosyncratic approach. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017); *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). But here, this difference is academic: Plaintiff's allegations fail under any standard.

Respectfully submitted,


*/s/ Michael E. Kenneally*
Michael E. Kenneally

*Counsel for JBG Smith*
*Management Services, LLC*

cc:  All Counsel of Record