*Issues & Appeals*

September 28, 2023

*Via electronic filing*

Nwamaka C. Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   ***Opiotennione v. Bozzuto***, **No. 21-1919 (argued on Jan. 26 before Judges Niemeyer, Rushing, and Heytens) – Notice of supplemental authority under Rule 28(j),** ***Liapes v. Facebook***, **— Cal. App. 5th — (Cal. Ct. App. Sept. 21, 2023)(attached)**

Dear Ms. Anowi:

    Last week, in *Liapes v. Facebook*, the California Court of Appeal held that a plaintiff had standing to raise claims that closely resemble those in this case. The plaintiff in *Liapes* alleged that Facebook violated California's public-accommodations law by limiting her access to advertisements for insurance products based solely on her age or gender. Op. 5. As a result, she claimed, "she had a harder time learning about" products or services that she would have pursued and obtained. *Id.*

    The court held that she had standing under California law. As under federal law, the relevant standing inquiry required her to show (or, at the pleading stage, to allege) that she was personally "aggrieved by" Facebook's conduct and that her injury was "not conjectural or hypothetical." Op. 9-10. In other words, she had to "actually suffer the discriminatory conduct" and could not "sue for discrimination in the abstract." Op. 9. The court recognized that she had cleared this bar: She alleged that she "actually suffered discrimination" because she was "interested in" and "qualified" for the insurance products whose ads she was prevented from receiving solely because of her age or gender, and being "deprived of information regarding insurance opportunities despite being ready and able to pursue those opportunities" is a concrete injury. Op. 9-10. Further, because she had identified specific insurance advertisements that she had been forbidden from receiving, and other ads that Facebook had reduced her access to, her harm was "not conjectural or hypothetical." Op. 10. To the contrary, "men and younger people" had been given an unfair "advantage" at her expense. *Id.*

    Under the same logic, Ms. Opiotennione has Article III standing here. Like the plaintiff in *Liapes*, she alleges that she was personally discriminated against because she was denied information about specific housing opportunities on Facebook based solely on her age. And like the plaintiff in *Liapes*, she alleges that she was interested in and qualified for those opportunities, and thus was ready and able to pursue them but for the unlawful discrimination that she suffered. *See* JA14-15, 40-44. No more is necessary at the pleading stage.

                                                Respectfully submitted,
                                                */s/ Jonathan E. Taylor*
                                                *Counsel for Plaintiff-Appellant*

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741     F 202 888 7792
guptawessler.com